

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MUT A. ASHERU | § | Case No. 08-36058-HDH-7 |
| | § | |
| **Debtor** | § | |
| | § | 09CV978-G |

| | | |
|---|---|---|
| G. VON THOMAS | § | |
| | § | |
| **Movant/Appellant** | § | Civil Action No. 3:09-CV-0976-G |
| | § | Civil Action No. 3:09-CV-0977-G |
| v. | § | Civil Action No. 3:09-CV-0978-G |
| | § | Civil Action No. 3:09-CV-0979-G |
| CARL MATHENIA c/o | § | Civil Action No. 3:09-CV-0980-K |
| SCOTT AND STANDEFER | § | |
| | § | |
| **Respondent/Appellee** | § | |

## REPORT AND RECOMMENDATION TO DISTRICT COURT ON APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS*

The District Court referred the Appellant's motions to Proceed *In Forma Pauperis* in the above numbered cases to the undersigned bankruptcy court for consideration and recommendation.

This court has set two similar motions for hearing involving separate appeals to the district court. Appellant, G. Von Thomas did not appear at either of these hearings, and thus offered no evidence in support of his motions. The district court, in Civil Action No. 3:09-CV-0409-G, also provided Mr. Thomas an opportunity to file a brief on a similar motion to proceed *In forma pauperis*, he failed to respond and that case has been dismissed.

After review of the motions and the docket in the underlying bankruptcy case, it appears to the bankruptcy court that motions are not filed in good faith, are frivolous; and therefore, should be denied and the appeals should be summarily dismissed pursuant to 28 U.S.C. §§ 1915(a)(3), and - (e)(2).

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S.Ct. 2863, 115 L.Ed.2d 1030 (1991). A party demonstrates "good faith" when seeking review of any issue which is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983).

In the bankruptcy proceeding, it appears that Mr. Thomas filed a Suggestion of Bankruptcy in the Oklahoma state court in a proceeding for eviction. Mr. Thomas was the occupant of the property in question. After the Suggestion of Bankruptcy was filed, Carl Mathenia, in his capacity as Personal Representative of the Estate of Mathenia, deceased, filed a motion to lift the automatic stay as to the property, for which the Debtor did not claim an interest and had no objection. An order was entered lifting the sta for the Oklahoma state court action to proceed. Mr. Thomas filed a motion to reconsider the lift stay order, which was denied. Six days later, the Debtor received his chapter 7 discharge, which terminated the stay as to all creditors and parties in interest. 11 U.S.C. § 362(c)(2)(C). The bankruptcy case was closed on February 19, 2009.

Mr. Thomas has filed several appeals along with motions to proceed *in forma pauperis*, all of which appear to be an attempt to interfere with the state court proceeding in Oklahoma without charge. The property in question does not belong to Mr. Thomas, he was a tenant who was evicted, and is now trying to use someone else's bankruptcy proceeding to frustrate the Oklahoma state court. The bankruptcy court therefore recommends that the motions in each of these separate cases be denied by the district court and that the appeals be dismissed.

Dated: 9/4/09

Respectfully submitted,

_____
Harlin D. Hale
United States Bankruptcy Judge

cc: Counsel